IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARC ALLEN MASON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-043 |
| | § | |
| JOEL RICHARDSON, | § | |
| Sheriff of Randall County, Texas, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court an Amended Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner indicates he is presently incarcerated at the Randall County Jail pursuant to a 2006 conviction for felon in possession of a firearm and a subsequent 2012 parole revocation. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal writ of habeas corpus fails to present a cognizable ground for relief and should be DENIED.

### I.
### PETITIONER'S ALLEGATIONS

To the extent they are intelligible, petitioner appears to present four grounds for review:

1. The conditions of his confinement are unconstitutional.

2. He has suffered aggravated assault and torture at the hands of respondent's agents.

3. He was entrapped.

4. He is suffering from violations of his Due Process and Equal Protection rights and his punishment is cruel and unusual.

## II.
## PETITIONER FAILS TO PRESENT ANY
## COGNIZABLE HABEAS CORPUS CLAIMS

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser,* 411 U.S. at 499, 93 S.Ct. at 1841.

Here, even though petitioner indicates he intends to use this petition to challenge a judgment, a parole revocation, a disciplinary proceeding, and an "ex post facto violation," his first, second, and fourth grounds of error deal directly and solely with the conditions of his confinement. Petitioner takes issue with the lack of lighting in his cell; officials working for respondent allegedly stealing and failing to complete *in forma pauperis* (IFP) paperwork;[1] and pain caused to petitioner by a device allegedly implanted by respondent "within [petitioner's] right sinus cavity & ear canal &

---

[1] According to petitioner, Randall County agents have stolen his multiple forms to proceed *in forma pauperis* (IFP) in this and his other pending habeas corpus petition and/or have failed to complete them, all in an effort to prevent petitioner from accessing the courts. (Amended Habeas Corpus Petition, doc. 8 at pgs. 6, 7). The Court notes petitioner in fact filed a completed IFP application in this case simultaneously with his original habeas corpus petition and over one month before he filed his amended petition. (*See* IFP Application, doc. 2 (Mar. 5, 2013)). Attached to the application is a "Certificate of Inmate Trust Account" completed and signed by an officer at the jail and bearing petitioner's own signature. The Court additionally notes that petitioner also filed a completed IFP application in his other habeas corpus case pending in this Court, and that application was filed with the Court two weeks before the Amended Petition in was filed in the instant case. (*See Mason v. Richardson,* No. 2:13-CV-051, doc. 4 (Mar. 27, 2013)). Attached to that IFP application are four more "Certificate of Inmate Trust Account" forms, in addition to the form attached to the IFP application in the instant case, all completed and signed by officers at the jail and all bearing petitioner's signature. (*See id.*).

larynx." (Amended Habeas Corpus Petition, doc. 8, pg. 6 (April 10, 2013)). These grounds of error all relate to the conditions of petitioner's confinement, not the underlying fact of petitioner's confinement itself. Stated differently, even if the Court were to find all of petitioner's allegations to be true and were to order respondent to provide petitioner with ample lighting in his cell, give petitioner all of his IFP paperwork, and remove any device implanted in petitioner, petitioner would remain confined due to his underlying conviction. Thus, these allegations are not cognizable in habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. at 499-500, 93 S.Ct. at 1841. These claims should have been presented as a civil rights complaint under 42 U.S.C. §1983. *See id.,* 93 S.Ct. at 1841.

This Court declines to redesignate this portion (grounds one, two, and four) petitioner's pleading as a civil rights complaint. Petitioner has accumulated three strikes under 28 U.S.C. § 1915, and he is barred from bringing any civil action IFP while he is incarcerated in any facility unless he shows he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). It appears as though petitioner is attempting to make an end run around this bar to civil rights litigation by asserting (in an improperly designated habeas corpus petition) that he is the subject of

> "a long running conspiracy against rights [and] genocide against my family ([and] others of my generation, or specific group or class). I have a wireless torture device clandestinely implanted within my right sinus cavity [and] ear canal [and] larynx, used to torture me with physical [and] mental anguish. I fear for my life."

(Amended Habeas Corpus Petition, doc. 8 at pg. 6). In this and other areas of his amended petition, petitioner continually presents rambling, wild, and at times incoherent statements, totally lacking in any factual support. As a result, were they redesignated as civil rights complaints, these grounds of error would not be sufficient to overcome the bar assessed against petitioner, as they are frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989) (indicating a complaint is frivolous under 28 U.S.C. § 1915 when it "lacks an arguable basis in law

or fact" such as when allegations are the product of delusion or "fanciful factual allegation"). Not only do the majority of the allegations made in the pending petition appear frivolous, those relating to the transceiver implanted in petitioner's sinus/throat repeat allegations already adjudicated by this Court and the Fifth Circuit. *See Mason v. Richardson et al.*, No. 2:06-CV-104, "Memorandum Opinion and Order of Dismissal," doc. 10 (May 3, 2006); *Mason v. Richardson et al.*, No. 2:05-CV-088, "Memorandum Opinion and Order of Dismissal," doc. 10 (June 21, 2005).

Petitioner's third ground is the only remaining ground of error that the Court could possibly construe as proper in habeas corpus. In that ground, petitioner states, "Randall County Texas (sic) agents did in fact conspirit (sic) against petitioner in a meeting of the minds to orchestrate the environment leading to the current pending charges in Randall/Potter Counties." (*Id.* at pg. 7). Petitioner asks the Court to contact witnesses and gather evidence on his behalf to develop this allegation. This argument is conclusory, lacking in any specific factual support or even theoretical development. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983) (emphasizing conclusory allegations do not raise constitutional issues in habeas proceedings). "Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir.1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir.1989)). Moreover, the burden is on the petitioner, not the Court, to develop the factual basis of all claims. *See* 28 U.S.C. § 2254(e) (discussing a petitioner's burden of proof). Petitioner fails to raise a colorable basis for habeas corpus relief in this ground of error. Having failed to present any cognizable habeas corpus claims, the instant petition should be denied.

III.
## SANCTION WARNING

Petitioner has not only filed at least three civil rights cases, in combination with their appeals, deemed frivolous under 28 U.S.C. § 1915, he has also filed the instant and an additional habeas corpus case in this Court, both asserting civil rights violations, and two additional civil rights complaints. *See, in respective order, Mason v. Richardson*, No. 05-10886, 2006 WL 1751718 (5th Cir. June 21, 2006); *Mason v. Richardson et al.*, No. 2:06-CV-104, "Memorandum Opinion and Order of Dismissal," doc. 10 (May 3, 2006); *Mason v. Richardson et al.*, No. 2:05-CV-088, "Memorandum Opinion and Order of Dismissal," doc. 10 (June 21, 2005); *Mason v. Richardson*, No. 2:13-CV-051, Petition for Writ of Habeas Corpus, doc. 3 (Mar. 22, 2013); *Mason v. Richardson et al.*, No. 2:13-CV-030, "Order Denying Pauper Status and Order of Dismissal," doc. 6 (Mar. 25, 2013); *Mason v. Farren et al.*, No. 2:13-CV-035, "Order Denying Pauper Status and Order of Dismissal," doc. 5 (Mar. 25, 2013).

It appears as though petitioner may be falling into the habit of filing vexatious and harassing lawsuits, which waste limited judicial resources. Petitioner is admonished that if he continues in this practice, he will qualify for the imposition of sanctions which, if imposed, would prohibit him from filing any civil action, including a habeas corpus action, in this Court unless he has first obtained leave to file to file the action via a properly obtained court order.

IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner MARC ALLEN MASON be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of April, 2013.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).